UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELE R. FABERY, RN, BSN, | ) |
| and her husband, | ) |
| CHARLES FABERY, | ) |
| Plaintiffs, | ) |
| v. | ) NO. 06-2136 DV |
| | ) JURY DEMANDED |
| MID-SOUTH OB-GYN, P.L.L.C., | ) |
| HEATHER O. DONATO, M.D., | ) |
| MICHAEL L. STACK, M.D., and | ) |
| DONALD L. HAMBY, M.D. | ) |
| Defendants. | ) |

### PLAINTIFFS' MOTION IN LIMINE TO RECEIVE IN EVIDENCE AS JUDICIAL ADMISSIONS ANSWERS BY DEFENDANTS TO DEPOSITION QUESTIONS AND MEMORANDUM IN SUPPORT THEREOF

**COME NOW** plaintiffs, Michele R. Fabery and Charles Fabery (hereinafter **"Movants"**), and, respectfully, move the Court to accept as evidence, without the necessity for any other evidence (e.g., without the necessity of witness) judicial admissions by defendants, Heather O. Donato, M.D.(hereinafter **"Dr. Donato"**), Michael L. Stack, M.D. (hereinafter **"Dr. Stack"**), Donald L. Hamby, M.D. (hereinafter **"Dr. Hamby"**) and Mid-South OB-GYN, PLLC (hereinafter **"Mid-**

South") (hereinafter collectively "**Defendants**"), created by answers to sworn oral deposition questions asked in depositions taken while this case has been in this Court.

## Memorandum

On March 9, 2007, Mid-South, Dr. Hamby, Dr. Stack and Dr. Donato, separately, provided sworn answers to written deposition questions that this Court ordered (Dkt. Entry 10 p. 9) each to answer, thereby, denying the Defendants' Motion (Dkt. Entry 6) for a protective order alleviating Defendants from the necessity to answer the questions put to them in the sworn deposition of each.

It is the position of Movants that certain facts are established as incontrovertible and conclusive by judicial admissions derived from the sworn answers of Mid-South, Dr. Stack, Dr. Hamby and Dr. Donato. The facts to which reference is made are explicitly listed in enumerated paragraphs in the proposed Joint Pretrial Order (Dkt. Entry 42).

These facts are listed under the section reserved for Plaintiffs' Contested Facts even though it is the position of Movants that the facts are incontrovertibly and uncontestibly established by judicial admission of Defendants. Movants submitted the subject facts in a proposed Joint Pretrial Order to counsel for Defendants listed as Uncontested Facts. Defendants stated an intention to contest the facts; therefore, the subject facts which Movants contend are uncontestable are listed as if contested because of the assertion of Defendants that Defendants will contest the facts. So it is clear precisely what facts are at issue by the present motion, Movants will provide, below, a list referencing each of the facts by paragraph number and the page in the proposed Joint Pretrial Order where the fact is set out in its entirety.

Sworn answers of Mid-South establishing facts by deposition testimony include the following:

| Paragraph 87, p. 40 | Paragraph 96, p. 41 |
|---|---|
| Paragraph 88, p. 40 | Paragraph 97, p. 41 |
| Paragraph 89, p. 40 | Paragraph 150, pp. 50-51 |
| Paragraph 90, p. 40 | Paragraph 156, p. 52 |
| Paragraph 95, p. 41 | Paragraph 157, p. 52 |

By her sworn Answers to deposition questions, Dr. Donato judicially admitted the following facts:

| Paragraph 91, p. 41 | Paragraph 130, p. 47 |
|---|---|
| Paragraph 92, p. 41 | Paragraph 151, p. 51 |
| Paragraph 112, p. 44 | Paragraph 158, p. 52 |
| Paragraph 119, p. 45 | Paragraph 161, p. 52 |
| Paragraph 120, p. 45 | Paragraph 162, p.52 |
| Paragraph 121, p. 45 | Paragraph 163, p. 63 |
| Paragraph 123, p. 46 | Paragraph 164, p. 63 |
| Paragraph 129, p. 47 | Paragraph 213, p. 61 |

By his sworn Answers to deposition questions, Dr. Stack judicially admitted the following facts:

| | |
|---|---|
| Paragraph 93, p. 41 | Paragraph 134, p. 47 |
| Paragraph 94, p. 41 | Paragraph 136, p. 48 |
| Paragraph 118, p. 45 | Paragraph 171, p. 54 |
| Paragraph 122, p. 46 | Paragraph 172, p. 54 |
| Paragraph 124, p. 46 | Paragraph 173, p. 54 |
| Paragraph 125, p. 46 | Paragraph 174, p. 54 |
| Paragraph 128, p. 46 | Paragraph 175, p. 55 |
| Paragraph 131, p. 47 | Paragraph 176, p. 55 |
| Paragraph 132, p. 47 | Paragraph 214, p. 61 |
| Paragraph 133, p. 47 | |

By his sworn Answers to deposition questions, Dr. Hamby judicially admitted the following facts:

| | |
|---|---|
| Paragraph 126, p. 46 | Paragraph 165, p. 53 |
| Paragraph 127, p. 46 | Paragraph 166, p. 53 |
| Paragraph 135, p. 47 | Paragraph 167, p. 53 |
| Paragraph 137, p. 48 | |

Statements by Defendants, as parties in the instant case, are not hearsay and are submissable as evidence for the substance of what is admitted. Because the statements in question here are made under oath in a deposition taken in this case, the statements in question are classic judicial admissions.

To be considered first is *Federal Rules Of Evidence*, Rule 801(d)(2), a specification of what is not hearsay. In pertinent part, 801(d)(2) reads as follows:

> The statement is offered against a party and is (A) the party's own statement, …or (B) a statement of which the party has manifested an adoption or belief in its truth, ….

Text materials explain why the answers of Defendants in depositions are judicial admissions and how those judicial admissions are submissable as evidence and incontrovertible.[1]

Even depositions of a party given in a prior lawsuit are admissible as judicial admissions in a subsequent lawsuit.[2]

---

[1] 29A *Am.Jur.2d Evidence* §774 (2007); D. Paine *Tennessee Law of Evidence*, §§55-56; E. Cleary, *McCormick's Handbook of the Law of Evidence* §265, at 783-84 (3d ed. 1984); *Wigmore, Evidence,* §1603(e) (3d ed. 1940); *McCormick on Evidence*, 2d.ed §265, pp. 663, 634, n.48, 635; 32 *C.J.S. Evidence* §474 (2007); 31 *C.J.S. Evidence* §301, p. 772, n.23; 71 *C.J.S. Pleading* §§517, 523, pp. 1073, 1079; *Gibson's Suits in Chancery*, 4th ed. §458, p. 395, 459.

[2] *Cooley v. Steele et al.*, 39 Tenn. 340, 342, 2 Head 605 (1859) (within a deposition taken in a prior proceeding - no explanation given to detract from fact testified to, therefore, conclusive); *Gates v. Brinkley*, 72 Tenn. 520, 524-525 (1880) (admission of party, made through counsel, is conclusive unless inadvertantley made and retracted); *McEwen v. Jenks*, 74 Tenn. 227, 228-230 (1880) (within prior judicial proceeding, in a deposition, plaintiff stated a fact contrary to a factual claim made herein conclusive - no retraction or explanation had been made in the prior suit). *Stamper v. Venable*, 117 Tenn. 557, 561-562, 97 S.W. 812, 813 (1906) (discussed displeasure with inconsistent statements of fact, but, before the record was closed in the trial court, allowed inconsistent statements to be weighed- former position taken in the complaint). *Stearns Coal & Lumber Co. v. Jamestown R. Co.*, 141 Tenn. 203, 205-208, 208 S.W. 334 (1918) (Judicial estoppel applied here where litigant had admitted a fact in a previous lawsuit

Sixth Circuit law is consistent with deposition testimony amounting to a judicial admission.[3] In a Table Case [**Not Recommended For Full Text Publication**] the Sixth Circuit stated as follows in *Maynard v. Brewer*, 787 F.2d 591 (6th Cir. 1986):

> Given the blatant judicial admission by the plaintiff in his deposition that the jailor did not assault him, absent exceptional circumstances, this admission is binding on the parties and cannot be challenged in the trial court or even on appeal. See Ferguson v. NHS, 780 F.2d 549, 550-551 (6th Cir. 1986), and cases cited therein.

As it turns out, *Ferguson* and all of the cases therein cited are judicial admissions derived from a source other than the admitting party's deposition testimony. This serves to illustrate that the authority supporting judicial admissions, in context other than answers to deposition questions, is equally controlling in a context where the judicial admission derives from an answer in a deposition.

In *Ferguson*, the defendant admitted, in the defendant's Answer, that the defendant was "an employer within the meaning of the FLSA." In that context, the Sixth Circuit opined as follows (780 F.2d at 550-51):

> Judicial admissions 'eliminate the need for evidence on the subject matter of the [at 551] admission,' as admitted facts are no longer at issue. *Seven-Up Bottling Co. v. Seven-Up Co.*, 420 F.Supp.1246, 1251(E.D.Mo. 1976), *aff'd*, 561 Fed.Sec.1275 (8th Cir. 1977). Once made, the subject matter of the admission should not be reopened in the absence of a showing of exceptional circumstances. New *Amsterdam Casualty Co. v. Waller*, 323 Fed.Sec.20, 24 (4th Cir. 1963), *cert. denied*, 376 U.S. 963, ... (1964). This court has observed that '[u]nder Federal law stipulations and admissions in the pleadings are generally binding on the parties and the Court.' *Brown*

6

F:\Clients\Fabery\New Federal Case\Pleadings\Ps' M in Limine to Recieve in Evidence as Judicial Admissions Answers by Ds to Depo Questions and Memo.doc

> *v. Tennessee Gas Pipeline Co.*, 623 Fed.Sec., 454 (6th Cir. 1980)(citations omitted)(citations omitted in original). Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well. *See, e.g., Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3rd Cir. 1972).
>
> ***
>
> While NHS attempted to withdraw its admission shortly before the trial began by filing a second answer, Judge Battisti clearly acted within his discretion in refusing to allow the second answer. (citations omitted).

It seems well-known and widely practiced that, if a witness testifies and has given prior inconsistent testimony in a deposition, the deposition testimony can be used to impeach the witness. This is an indisputable reality. However, this is not what the present motion addresses.

If the extent of the rule was that prior inconsistent deposition testimony was usable for impeachment, all a witness would need do to avoid the jury knowing of the prior statement is either not testify or avoid the subject in testimony. The law is not that forgiving.

By this motion, Movants ask the Court to order that the specified statements of fact in the depositions be deemed incontrovertible judicial admissions conclusive of the facts stated in the depositions. As such, the Court would accept the judicial admissions, through deposition testimony, in the same way the Court would accept a stipulation, and the stipulation would be used for presentation to the jury as any other stipulation. This is the order Movants, respectfully, seek from the Court.

7

F:\Clients\Fabery\New Federal Case\Pleadings\Ps' M in Limine to Recieve in Evidence as Judicial Admissions Answers by Ds to Depo Questions and Memo.doc

Respectfully submitted,

LARRY E. PARRISH, P.C.

By: s/ Larry E. Parrish
    Larry E. Parrish, BPR #8464
    The Crescent Center
    6075 Poplar Avenue, Suite 420
    Memphis, Tennessee 38119
    (901) 767-8000
    Fax: (901) 767-7618
    parrish@parrishandshaw.com

       Counsel for Movants consulted with counsel for defendants about the core issues presented by the instant motion, on November 13, 2007 and before, while attempting to reach agreement as to the terms to be included in the proposed Joint Pretrial Order; in the process, it was agreed that counsel for Defendants and counsel for Movants cannot agree that the facts put at issue by the instant motion are incontestable.

                                              s/ Larry E. Parrish
                                              Larry E. Parrish

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **PLAINTIFFS' MOTION IN LIMINE TO RECEIVE IN EVIDENCE AS JUDICIAL ADMISSIONS ANSWERS BY DEFENDANTS TO DEPOSITION QUESTIONS AND MEMORANDUM IN SUPPORT THEREOF** has been forwarded by electronic means via the Court's electronic filing system to:

    J. Kimbrough Johnson, Esq.
    JohnsonK@thomasonlaw.com

    Joseph M. Clark, Esq.
    ClarkJ@thomasonlaw.com

on the 19th day of November 2007.

                                          s/ Larry E. Parrish
                                          Larry E. Parrish