UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELE R. FABERY, RN, BSN, <br><br>and her husband, <br><br>CHARLES FABERY, <br><br>    Plaintiffs, <br><br>v. <br><br>MID-SOUTH OB-GYN, P.L.L.C., <br><br>HEATHER O. DONATO, M.D., <br><br>MICHAEL L. STACK, M.D., and <br><br>DONALD L. HAMBY, M.D. <br><br>    Defendants. | NO. 06-2136 DV <br> JURY DEMANDED |

**PLAINTIFFS' MOTION IN LIMINE TO DECLARE <u>ADMISSIONS</u> OF DEFENDANTS <u>IN</u> DEFENDANT'S <u>ANSWER</u> TO BE CONCLUSIVE ADMISSIONS TO BE SUBMITTED TO THE JURY THE SAME AS STIPULATIONS AND MEMORANDUM IN SUPPORT THEREOF**

**COME NOW** plaintiffs, Michele R. Fabery and Charles Fabery (hereinafter "**Movants**"), and, respectfully, move the Court to enter an order declaring the facts admitted by defendants, Heather O. Donato, M.D., Michael L. Stack, M.D., Donald L. Hamby, M.D. and Mid-South OB-GYN, PLLC (hereinafter "**Defendants**"), conclusively established if, in the Answer filed by Defendants (Dkt. Entry 2), Defendants admitted a fact alleged by Movants in the Complaint (Dkt. Entry 1) or

gratuitously stated a fact in the Answer (Dkt. Entry 2). Further, Movants respectfully move the Court in include in the order requested by Movants a provision that facts so conclusively established be considered stipulated facts and submitted to the jury as such.

## Memorandum

On Saturday, November 17, 2002, Movants filed what is entitled "Plaintiffs' Motion In Limine Regarding Use Of Responses To Requests To Admit And To Interrogatories In State Court And Memorandum In Support Thereof" (Dkt. Entry 48) (hereinafter **"Admissions Motion"**). The Admissions Motion, like the present motion, involves judicial admissions; however, the Admissions Motion, unlike the present motion, involved answers to interrogatories and responses to requests to admit that were served by Defendants while this case was in State Court.

What is at issue by the present motion are admissions filed as part of the Answer (Dkt. Entry 2) filed by Defendants while this case has been in this Court.

The facts established by the admissions of Defendants filed as part of the Answer are all listed in the proposed Joint Pretrial Order (Dkt. Entry 42), as more particularly specified below, under the heading of Plaintiffs Contested Facts. There is no reason for the facts so established to be listed as contested facts; Movants proposed the admitted facts as uncontested; however, Defendants stated that Defendant could not agree not to contest the admitted facts and, thereby, forced Movants to list the facts as contested, even though Defendants have admitted the facts.

The Answer (Dkt. Entry 2) is jointly filed by all Defendants; therefore, the admissions in the Answer are joint admissions of all Defendants. To make it crystal clear exactly what facts Defendants admitted by the Answer (Dkt. Entry 2), Movants here will list the enumerated

2

F:\Clients\Fabery\New Federal Case\Pleadings\Ps' M in Limine to Declare Admissions of Ds in Ds' Answer to be Conclusive Admissions to be Submitted to the Jury and Memo.doc

paragraphs under the heading "Plaintiffs' Contested Facts," in the proposed Joint Pretrial Order (Dkt. Entry 42). The enumerated paragraphs and the pages on which they appear are as follows:

| Paragraph 86, p. 40 | Paragraph 196, p. 58 | Paragraph 240, p. 67 |
| Paragraph 181, p. 56 | Paragraph 197, p. 58 | Paragraph 243, p. 67 |
| Paragraph 182, p. 56 | Paragraph 212, p. 61 | Paragraph 245, p. 67 |
| Paragraph 183, p. 56 | Paragraph 216, p. 62 | Paragraph 246, p. 67 |
| Paragraph 184, p. 56 | Paragraph 225, p. 63 | Paragraph 247, p. 68 |
| Paragraph 185, p. 57 | Paragraph 226, p. 63 | Paragraph 248, p. 68 |
| Paragraph 187, p. 57 | Paragraph 228, pp. 64-65 | Paragraph 250, p. 70 |
| Paragraph 188, p. 57 | Paragraph 229, p. 65 | Paragraph 251, p. 73 |
| Paragraph 189, p. 57 | Paragraph 232, p. 65 | Paragraph 252, p. 73 |
| Paragraph 190, p. 57 | Paragraph 233, p. 65 | Paragraph 253, p. 74 |
| Paragraph 191, p. 57 | Paragraph 234, p. 66 | Paragraph 254, p. 74 |
| Paragraph 192, p. 57 | Paragraph 235, p. 66 | Paragraph 255, p. 74 |
| Paragraph 193, p. 58 | Paragraph 237, p. 66 | Paragraph 256, p. 75 |
| Paragraph 194, p. 58 | Paragraph 238, p. 66 | |
| Paragraph 195, p. 58 | Paragraph 239, p. 66 | |

The controlling law concerning judicial admissions, with respect to admissions included in an Answer, could not possibly be less complicated or clearer. An admission in a pleading, particularly in an Answer, is incontrovertible and conclusive, unless and until the Answer is

3

amended by denying what previously was admitted. If and when an Answer is amended and a denial is substituted for an admission, the Answer, unamended, remains submissable to the jury as an evidentiary admission.

In the instant case, the time for amending the Answer has long-since expired, i.e., on August 3, 2006 (Dkt. Entry 4). There has been no motion to amend or even an allusion that an amendment was desired by Defendants. For an amendment to be allowed, at this late date, to substitute a denial for an admission that has remained unaltered since the answer was filed, on April 20, 2006 (19 months ago), would be highly prejudicial to Movants.

Therefore, the above-listed facts having been established by incontrovertible admissions by Defendants, the facts are established by the admissions without need of any evidence or proof of any kind. This being the case, the admissions are stipulated facts to be delivered to the jury as stipulations. *Ferguson v. Neighborhood Housing Services,* 780 F.2d 549, 550-51(6th Cir. 1986)

In *MacDonald v. General Motors Corporation*, 110 F.3d 337, *supra* n. 2, the Sixth Circuit cites *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) cert. den. 376 U.S. 963 (1964) and *Glick v. White Motors*, 458 F.2d 1287, 1291 (3rd Cir. 1972) as controlling authority adopted as the law in the Sixth Circuit.

Whether an admission is subject to classification as a judicial admission is determinable by a simple criterion. Would that which is admitted require proof to be established, if not admitted? If the answer to this question is in the affirmative, the admission is classified as a judicial admission. *Glick*, *supra*; *New Amsterdam Casualty Company*, *supra*.

Illustrating the point that a judicial admission can be either conclusive or evidentiary,

dependant on the state of the record, is *Ahghazali v. Secretary of Health and Human Services*, 867 F.2d 921, 926-27 (6th Cir. 1989). There, the defendant filed an answer to a complaint and, in the answer, included the words "became the final decision of the Secretary." The issue at hand revolved around whether a particular administrative decision was the "final" decision or a non-final decision. The defendant was contending that the decision was non-final, and the plaintiff was contending that the decision was final.

In *Ahghazali*, the Sixth Circuit ruled that, irrespective of whether, as a matter of fact and law, the subject decision was "final" or non-final was a moot point because the defendant had judicially admitted that the decision was "final." This judicial admission came in the form of a pleading, i.e., the answer. This was a conclusive admission and case-dispositive.

In *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996), the issue again involved a judicial admission of a defendant by the answer filed. The defendant's answer admitted that the plaintiff was a "just cause employee." Later, the defendant amended the answer by denying the allegation that the plaintiff was a "just cause employee."

Until the answer of the defendant in *Huey* was amended, the judicial admission that the plaintiff was a "just cause employee" was conclusive; when the defendant amended the answer and denied that the plaintiff was a "just cause employee," the formerly conclusive judicial admission was converted into an evidentiary judicial admission.

As an evidentiary judicial admission, the admission that the plaintiff was a "just cause employee" is submitted to the jury along with the amended answer by which the defendant changed the defendant's story on the subject. The jury then determines which of the two

5

inconsistent "admissions" is the truth of the matter.

The text materials on judicial admissions, particularly admissions in pleadings, are of one accord.[1]

The law in Tennessee, as it speaks to the conclusiveness of an admission in an Answer that remains unamended, is reflective of federal law.[2]

---

[1] 29A *Am.Jur.2d Evidence* §774 (2007); D. Paine *Tennessee Law of Evidence*, §§55-56; E. Cleary, *McCormick's Handbook of the Law of Evidence* §265, at 783-84 (3d ed. 1984); *Wigmore, Evidence*, §1603(e) (3d ed. 1940); *McCormick on Evidence*, 2d.ed §265, pp. 663, 634, n.48, 635; 32 *C.J.S. Evidence* §474 (2007); 31 *C.J.S. Evidence* §301, p. 772, n.23; 71 *C.J.S. Pleading* §§517, 523, pp. 1073, 1079; *Gibson's Suits in Chancery*, 4th ed. §458, p. 395, 459.

[2] *Irvin v. City of Clarksville*, 767 S.W. 2d 649, 653 (Tenn.Ct.App. 1988), perm. app. denied January 3, 1989 (admission in answer to averment in complaint is conclusive until before the trial court record is closed, amended, at which time the party's admission becomes evidentiary); *First Tennessee Back v. Mungan*, 779 S.W. 2d 798, 800-801 (Tenn.Ct.App.1989)(admissions by parties in papers filed or statements by parties or counsel for parties in the trial court are forever conclusive of the facts admitted unless, before the trial court record is closed, the admission is amended, at which point, the admission becomes evidence to be weighed against the amendment); *Wilson v. Bass*, 6 Tenn. 94, 96 (1818) (statement in a pleading is conclusive); *Hamilton v. Zimmerman*, 37 Tenn. 5, 7, 12-13, 5 Sneed 38, (1857) (within answer to previous bill, plaintiff admitted a fact here in dispute - conclusive, as no explanation was proferred for why fact was consented to being as alleged earlier - admission made in answer to complaint); *Atchley v. Sims*, 23 Tenn. App. 167, 171, 128 S.W.2d 975 (1938), petition for cert. den. April 1, 1939 (an admission to an averment, made in response to a bill and never altered or amended, before the trial court record is closed, is conclusive; *Reagan v. Wolsieffer*, 240 S.W.2d 273, 276-277 (Tenn. Ct. App. 1951) cert. den. May 12, 1951 (what is admitted to by a party need not be proved - here admission in complaint); *Hewgley v. General Motors Acceptance Corp.*, 39 Tenn. App. 553, 286 S.W.2d 355, 358 (1955), cert. den. February 3, 1956 (answer to an averment in complaint is conclusive evidence; trial court, before the trial court record is closed, may allow contrary proof to be weighed); *Wilson v. Maury County Board of Education*, 42 Tenn. App. 315, 302 S.W.2d 502, 507 (1957), cert. den. May 3, 1957 (judicial admission made in answer or motion is conclusive and alleviates need for proof); *Osborne v. Hartford Accident & Indemnity Co.*, 63 Tenn. App. 518, 533, 476 S.W.2d 256, 261-263 (1971), cert. den. January 3, 1972 (statement in answer is conclusive evidence, treated as fact or stipulation; before the trial court record is closed, trial court may admit contrary proof to be weighed against the conclusive evidence in answer made to complaint); *Bowers v. Potts*, 617 S.W.2d 149, 154-155 (Tenn. Ct. App. 1981), cert. den. June 1, 1981 (admission to averment is conclusive evidence of the fact; before the trial court record is closed, trial court may admit contradictory proof to be weighed against conclusive evidence); *John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp.*, 642 S.W.2d 151, 152-153 (Tenn. Ct. App. 1982), appeal after remand on different grounds, 715 S.W.2d 41 (Tenn. 1986) (answer made in response to an averment is conclusive unless, before the trial court record is closed, if court allows amendment, the earlier conclusive admission becomes an evidentiary admission); *Blackmon v. Estate of Wilson*, 709 S.W.2d 596, 599-604 (Tenn. Ct. App. 1986), perm. app. den. March 24, 1986 (prior admission in complaint, later amended out, is an evidentiary conclusion); *Pankow v. Mitchell*, 737 S.W.2d 293, 295-298 (Tenn.Ct.App. 1987) perm. app. den. September 28, 1987 (judicial admissions in a complaint filed in a different case through an attorney's averment, is a conclusive

6

Of interest is the fact that this Court's instructions relative to preparation of the Joint Pretrial Order advises party to search for uncontested facts in the pleadings and discovery.

Respectfully submitted,

LARRY E. PARRISH, P.C.

By: s/ Larry E. Parrish
Larry E. Parrish, BPR #8464
The Crescent Center
6075 Poplar Avenue, Suite 420
Memphis, Tennessee 38119
(901) 767-8000
Fax: (901) 767-7618
parrish@parrishandshaw.com

**CERTIFICATE OF CONSULTATION**

Counsel for Movants consulted with counsel for defendants about the core issues presented by the instant motion, on November 13, 2007 and before, while attempting to reach agreement as to the terms to be included in the proposed Joint Pretrial Order; in the process, it was agreed that counsel for Defendants and counsel for Movants cannot agree that the facts put at issue by the instant motion are incontestable.

s/ Larry E. Parrish
Larry E. Parrish

---

admission of the party in a subsequent case, unless amended or withdrawn before the trial court record is closed, at which point the attorney's averment is an evidentiary admission of the client; such admission is not hearsay).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **Plaintiffs' Motion In Limine To Declare Admissions of Defendants in Defendants' Answer To Be Conclusive Admissions To Be Submitted To The Jury And Memorandum In Support Thereof** has been forwarded by electronic means via the Court's electronic filing system to:

J. Kimbrough Johnson, Esq.          Joseph M. Clark, Esq.

JohnsonK@thomasonlaw.com            ClarkJ@thomasonlaw.com

on the 19th day of November 2007.

                                          s/ Larry E. Parrish
                                          Larry E. Parrish