```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```
___

MICHELE R. FABERY, RN, BSN,      )
and CHARLES FABERY,              )
                                 )
     Plaintiffs,                 )
                                 )
vs.                              )    No. 06-2136 D/P
                                 )
MID-SOUTH OB-GYN, PLLC,          )
HEATHER O. DONATO, M.D.,         )
MICHAEL L. STACK, M.D., and      )
DONALD L. HAMBY, M.D.,           )
                                 )
     Defendants.                 )

___

### ORDER GRANTING DEFENDANTS' MOTION TO QUASH
___

Before the court by order of reference is the Motion to Quash Subpoena to Mid-South OB-GYN, PLLC, filed by defendants Mid-South OB-GYN and Drs. Donato, Stack, and Hamby (collectively "Mid-South") on May 9, 2008. (D.E. 271). Plaintiffs Michele and Charles Fabery ("the Faberys") filed their response in opposition on May 10, 2008. For the reasons below, the motion to quash is GRANTED.

### I.  BACKGROUND

This case arises from a claim of medical malpractice brought by the Faberys against Mid-South. The scheduling order entered by the court set March 1, 2007, as the deadline for completing all discovery. Trial is set to begin on May 19, 2008. On May 8, 2008, counsel for the Faberys served a subpoena on Mid-South, requesting

that Mid-South produce the following documents on the day of trial:

> Correspondence, via email or any and all other means of transmittal, including all claims filed with any insurance carrier for payment for services rendered to Michele Fabery; all evidence of payments received for all services rendered to Michele Fabery, including evidence of deposit of said payments into depository accounts of Mid-South OB-GYN, P.L.L.C.; all financial and profit/loss statements for the years 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 (for use if and as needed); internal office memos; all records of any kind relating to how or the fact that Dr. Donato and Dr. Stack were the persons who performed surgery on Michele Fabery in January 2002, all hiring and personnel and payroll records for Dr. Donato and Dr. Stack, including credentialing by Methodist Hospital to do surgery at Methodist Germantown.

(Defs.' Mot. to Quash Ex. A, D.E. 275).

Mid-South argues that the subpoena is an improper attempt by the Faberys to circumvent the discovery deadline set forth in the scheduling order in violation of Federal Rules of Civil Procedure 16 and 26 and that the subpoena violates Rule 11 as it was served on Mid-South for the purpose of harassment and increasing the costs of litigation. In addition, Mid-South asserts that the Faberys' counsel violated Tennessee Rule of Professional Conduct ("TRPC") 4.2 by directly communicating with Mid-South, a party that counsel knew was represented in this litigation. Mid-South also contends that the subpoena improperly requests credentialing information, which is privileged and protected from discovery under Tennessee law. Finally, Mid-South argues that the documents requested by the Faberys are irrelevant and that production of the documents would be unduly burdensome. Mid-South requests that the court not only

quash the subpoena, but also impose sanctions against the Faberys for fees and expenses incurred by Mid-South in connection with filing this motion.

## II. ANALYSIS

A subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order.[1] Hamilton v. Am. Corrective Counseling Servs., Inc., No. 3:05-CV-434 RM, 2007 WL 724791, at *1 (N.D. Ind. Feb. 27, 2007); see also Wantanabe Realty Corp. v. City of New York, 159 Fed. Appx. 235, 240 n.2 (2d Cir. 2005) (noting that "Rule 45 subpoenas may not be used to circumvent the discovery deadlines"); Buhrmaster v. Overnite Transp. Co., 61 F.3d 461, 464 (6th Cir. 1995) (holding that because the plaintiff "had adequate opportunity to discover [material requested in a Rule 45 subpoena] through the normal discovery process, the district court did not abuse its discretion in quashing the [Rule 45] subpoena"); Ghandi v. Police Dept. of the City of Detroit, 747 F.2d 338, 354-55 (6th Cir. 1984) (finding that the district court did not abuse its discretion in deciding to quash plaintiffs' Rule 45 subpoena when plaintiffs waited until after the discovery deadline had passed and plaintiffs were given

---

[1]This order will address only the narrow issue of whether the court should quash the Faberys' subpoena. Because the subpoena was served and this motion was filed on the eve of trial, the court will defer ruling on Mid-South's motion for sanctions and will address these remaining issues in a separate order.

ample opportunity to complete discovery); Garvin v. S. States Ins. Exch. Co., No. 1:04cv73, 2007 WL 2463282, at *3 (N.D. W. Va. Aug. 28, 2007) (stating that "[g]enerally, a Rule 45 subpoena duces tecum constitutes 'discovery,' which must be filed and served prior to the close of the discovery period"); Regal Coal, Inc. v. Larosa, No. Civ.A. 2:03CV90, 2006 WL 696181, at *21 (N.D. W. Va. March 17, 2006) (holding "that a Rule 45 subpoena does in fact constitute discovery"); Dag Enters., Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D.D.C. 2005) (holding that "Rule 45 subpoenas are 'discovery' under Rules 16 and 26 of the Federal Rules of Civil Procedure, and are subject to the same deadlines as other forms of discovery"); Dodson v. CBS Broad. Inc., No. 02 Civ. 9270(KMW), 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) (stating that Rule 45 subpoenas "may not be used . . . as means to engage in discovery after the discovery deadline has passed"); Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case."); Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okla. 1995) ("After careful consideration, the Court finds that the Rule 45 subpoenas duces tecum in this case constitute discovery."). In this case, the Faberys' subpoena clearly violates the court's scheduling order, as the subpoena was served over one year after the expiration of the March 1, 2007, discovery deadline.

When a party seeks to conduct discovery after the deadline has passed, that party must seek a modification of the scheduling order by demonstrating good cause under Rule 16. Daq Enters., 226 F.R.D. at 105. Federal Rule of Civil Procedure 16(b) states that a scheduling order establishing deadlines for discovery and other matters "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee notes (1983). In deciding whether the moving party has demonstrated sufficient good cause to modify the scheduling order, the court considers two factors: the diligence of the party seeking discovery "in attempting to meet the case management order's requirements" and "whether the opposing party will suffer prejudice by virtue of the amendment." Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003) (citations omitted).

Based on the entire record, the court finds that the Faberys have not demonstrated good cause for obtaining discovery outside of the discovery period. The discovery period ended on March 1, 2007, and the Faberys did not serve this subpoena until over a year later and less than two weeks before trial. They had ample time to obtain this discovery within the time period set forth in the scheduling order, and they have offered no reasonable explanation

as to why they were unable to do so.  Although the Faberys state that some of the business records relating to Mrs. Fabery were not produced during discovery despite their requests for all records relating to her, they provide no explanation as to why they did not file a timely motion to compel production of that information.

Mid-South would be prejudiced by reopening discovery at this late stage of the litigation, particularly in light of the fact that trial is scheduled to begin on May 19.  The documents requested are potentially voluminous and wide-ranging, and requiring Mid-South to produce them on the eve of trial would be unduly burdensome and would force Mid-South to divert resources and time away from trial preparation to address the requests.  <u>DAG Enters.</u>, 226 F.R.D. at 104 (quashing subpoena where plaintiffs issued subpoenas after the discovery deadline and failed to establish "good cause" necessary to amend scheduling order).

### III.  CONCLUSION

For the reasons above, the motion to quash is GRANTED.

IT IS SO ORDERED.

s/ Tu M. Pham
_____
TU M. PHAM
United States Magistrate Judge

May 15, 2008
_____
Date