IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

MICHELE R. FABERY, RN, BSN,       )
and CHARLES FABERY,               )
                                  )
     Plaintiffs,                  )
                                  )
vs.                               )    No. 06-2136 D/P
                                  )
MID-SOUTH OB-GYN, PLLC,           )
HEATHER O. DONATO, M.D.,          )
MICHAEL L. STACK, M.D., and       )
DONALD L. HAMBY, M.D.,            )
                                  )
     Defendants.                  )

_____

**ORDER DENYING PLAINTIFFS' MOTION IN LIMINE FOR AN ORDER APPROVING PLAINTIFFS' PROPOSED JURY INSTRUCTION ON STANDARD OF CARE**
_____

Before the court by order of reference is the Motion in Limine for an Order Approving Plaintiffs' Proposed Jury Instruction on Standard of Care filed by plaintiffs Michele and Charles Fabery ("the Faberys"). (D.E. 171). Defendants Mid-South OB-GYN and Drs. Donato, Stack, and Hamby (collectively "Mid-South") filed a response in opposition. For the reasons below, the motion is DENIED.

I.  BACKGROUND

This case arises from a claim of medical malpractice brought by the Faberys against Mid-South. The Faberys request that the court approve their proposed jury instruction on standard of care before the trial begins, arguing that the manner in which the jury

is instructed on the standard of care "is an all-controlling consideration" with respect to how the Faberys will present their case. The Faberys further argue that the Tennessee Court of Appeals' decision in <u>Godbee v. Dimick</u>, 213 S.W.3d 865 (Tenn. Ct. App. 2006), changed the "method by which to prove the standard of care in a medical malpractice case" and should be incorporated into the jury instruction on standard of care.

Mid-South argues that it would be premature for the court to decide issues relating to jury instructions prior to the start of the trial. Mid-South also contends that the Faberys' proposed jury instruction is inconsistent with Tennessee law. In addition, Mid-South asserts that the court in <u>Godbee</u> merely reaffirmed long-standing legal principles concerning standard of care in Tennessee.

## II. ANALYSIS

The Faberys' proposed jury instruction on standard of care states as follows:

> Based on nothing other than the knowledge, skill and experience ordinarily possessed by physicians in Memphis, you must determine the acceptable approach and acceptable practice, in January 2002, by which gynecologists in Memphis were bound when providing medical care and treatment to patients with medical needs like those of Mrs. Fabery.
>
> To determine what was the acceptable approach and acceptable practice, you may consider only the opinions of physicians, including the defendants, who have testified what the acceptable approach and acceptable practice was and whether defendants, in December 2001 and January-February 2002, complied with or deviated from the acceptable approach and acceptable practice in treating and caring for Mrs. Fabery. Consider each opinion and

> the reasons given for the opinion of each witness who was allowed to express an opinion, as well as the qualifications of such witnesses, giving each opinion the weight, if any, you believe it deserves.
>
> What the testifying physician would do or would not do or believed about what should or should not have been done or what any group of physicians, a majority of physicians of physicians [sic], a minority of physicians or any single physician might have done if treating Mrs. Fabery, does not prove what was the acceptable approach and acceptable practice you must decide; therefore, in deciding what was the acceptable approach and acceptable practice was [sic], you must not speculate or wonder what physicians other than defendants might have done had they treated and cared for Mrs. Fabery.
>
> Instead, you must consider only what knowledge, experience and skill physicians in Memphis, in December 2001 and January-February 2002, ordinarily possessed. When you decide what knowledge, experience and skill physicians in Memphis ordinarily possessed, then, you must decide if one, more than one and who, if any, among defendants, possessed the knowledge, experience and skill ordinarily possessed.
>
> As to the defendants, if any, who you decide possessed the knowledge, experience and skill ordinarily possessed, you must decide if such defendant or defendants used that knowledge, experience and skill to make a reasonable medical judgment in treating and caring for Mrs. Fabery's medical needs.

As an initial matter, although the court has some reservations about deciding whether to approve a jury instruction at this early stage, because the issue has been fully briefed, the court in its discretion will address the merits of the motion.

Jury instructions "should not contain inaccurate or inapplicable statements of legal principles that might tend to confuse the jury." Ingram v. Earthman, 993 S.W.2d 611, 636 (Tenn. Ct. App. 1998). Additionally, jury instructions must "be presented

-3-

in a way that will be readily understandable to the jury." Alexander v. Inman, 903 S.W.2d 686, 704 (Tenn. Ct. App. 1995); see also Goodale v. Langenberg, 243 S.W.3d 575, 584 (Tenn. Ct. App. 2007); Pomeroy v. Ill. Cent. R.R. Co., No. W2004-01238-COA-R3-CV, 2005 WL 1217590, at *3 (Tenn. Ct. App. May 19, 2005); Ingram, 993 S.W.2d at 636; see generally Eaton v. Charter Township of Emmett, No. 06-1542, 2008 WL 780751, at *2-3 (6th Cir. March 21, 2008) (stating that jury instructions are reviewed as to whether "they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision" and upholding district court's refusal to approve a jury instruction that did not accurately state the law); Greenlee v. United States, 205 F.3d 1340, 2000 WL 109952, at *4 (6th Cir. 2000) (upholding the district court's decision to use its own jury instruction because the defendant's proposed instruction was not an accurate statement of the law); United States v. Tolliver, 992 F.2d 1218, 1993 WL 100067, at *7 n.5 (6th Cir. 1993) (holding that the trial court's jury instruction was proper because it clearly and accurately defined the relevant term in easily understandable language).

The court finds that the Faberys' proposed jury instruction is not an entirely accurate statement of the law on standard of care and is not readily understandable to a jury. Tennessee Code Annotated 29-26-115 sets forth the burden of proof for a plaintiff

in a medical malpractice case and states in pertinent part that

> (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115. The Faberys' proposed jury instruction states that the jury must consider knowledge, skill, and experience possessed by gynecologists in Memphis only. The proposed instruction, however, fails to state that the jury must consider the practices in Memphis *or a similar community*, as provided in the statute. Tenn. Code Ann. § 29-26-115(a)(1). Likewise, Tennessee courts "have adopted the 'same or similar community' standard of care with respect to professional negligence" and medical malpractice cases. Conley v. Life Care Ctrs. of Am., Inc., 236 S.W.3d 713, 741-42 (Tenn. Ct. App. 2007); see also Howell v. Baptist Hosp., No. M2001-02388-COA-R3-CV, 2003 WL 112762, at *5 (Tenn. Ct. App. Jan. 14, 2003). This is referred to as the "locality rule," whereby "[t]he party calling an expert witness has the burden to establish the appropriate standard of

care in (1) the community in which the defendant practices, or (2) a community similar to the one in which the defendant practices." Conley, 236 S.W.3d at 742. Thus, the Faberys' proposed jury instruction is not an accurate statement of the law.[1]

The proposed instruction also states that the jury must determine the "acceptable approach" and "acceptable practice," which differs from the "recognized standard of acceptable professional practice" language found in the Tennessee statute, incorporated in Tennessee Pattern Jury Instruction 6.18, and cited with approval by the Tennessee courts. Tenn. Code Ann. 29-26-115(a)(1); Conley, 236 S.W.3d at 729, 734, 741 (referring to the "recognized standard of acceptable professional practice"); Harris v. Buckspan, 984 S.W.2d 944, 949 (Tenn. Ct. App. 1999) (same); Blanchard v. Kellum, No. 02A01-9605-CV-00105, 1997 WL 147525, at *2 (Tenn. Ct. App. March 31, 1997) (same). The use of the terms "acceptable approach" and "acceptable practice" instead of "the recognized standard of acceptable professional practice" may tend to confuse the jury.

It is true, as the Faberys argue, that the court in Godbee found that the plaintiff's expert's testimony regarding the "generally accepted approach" and the "generally accepted practice" was "consistent with the standard of care." Id. at 896. The

---

[1] The proposed instruction's use of the term "bound" may also be misleading to the jury, as it tends to suggest that there is some exceptional duty or obligation on the part of the defendants.

court's finding on this narrow issue, however, was made in the context of deciding whether the trial court erred in excluding portions of the expert's deposition testimony from the record. Id. The court's finding did not alter or overrule prior Tennessee case law regarding standard of care.[2]

Finally, on March 17, 2008, District Judge Bernice Donald entered an order granting the Faberys' Motion in Limine for an Order Restraining all Parties and all Witnesses from References in the Presence of the Jury to Practices and Certain Opinions of any Physicians and Motion to Redact a Specified Portion of Dr. Blackett's Deposition. In her order, Judge Donald analyzed Godbee and ruled that expert testimony regarding the practices of the majority of physicians in a community is improper and will be excluded from the trial in this case. In light of that ruling, the Faberys' proposed jury instruction would be confusing to the jury, as the jury would be instructed to disregard evidence that was not presented at trial.

### III. CONCLUSION

For the reasons above, the plaintiffs' motion is DENIED.[3]

---

[2]This court, in conducting its own research, could not find any case or secondary source that supports the Faberys' broad interpretation of Godbee.

[3]This order is limited to denying the Faberys' motion to approve their proposed jury instruction, and the court at this time makes no determination on Mid-South's proposed instructions. The court notes, however, that Mid-South's proposed instructions appear to be taken verbatim from the Tennessee Pattern Jury Instructions, and

IT IS SO ORDERED.

s/ Tu M. Pham

TU M. PHAM

United States Magistrate Judge

May 16, 2008

Date

---

the pattern instructions relating to standard of care (as discussed above) have not been affected by Godbee.